# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**D'ANGELO TOWNSEL**                                                                                        **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO.** 1:22cv59 LG-RPM

**RAMON A. WILLIAMS AND WILMAR TRUCKING COMPANY**
**AND JOHN DOE 1-5 AND JOHN DOE COMPANY 1-5**                         **DEFENDANTS**

## NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendants WilMar Trucking, LLC ("incorrectly sued as WilMar Trucking Company"),[1] and Ramon A. Williams ("Williams") (collectively "Defendants"), through counsel, have removed Civil Action No. 22-34(2) filed in the Circuit Court of Jackson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. Civil Action Removed

1.      On February 17, 2022, Plaintiff D'Angelo Townsel ("Plaintiff") filed his Complaint in state court against Defendants as a result of a motor-vehicle accident that occurred on or about February 23, 2019, in Jackson County, Mississippi. This state-court action is styled, *D'Angelo Townsel v. Ramon A. Williams and Wilmar Trucking Company and John Doe 1-5 and John Doe Company 1-5*, and is filed in the Circuit Court of Jackson County, Mississippi, bearing Civil Action

---

[1] WilMar is incorrectly named "Wilmar Trucking Company" in the Complaint.

No. 22-34(2). Pursuant to 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the

certified record of state-court proceedings is attached hereto as **Exhibit A**.

## II. Timeliness of Removal

2.          WilMar was served with process on March 9, 2022. Upon information and belief,

Williams has not been served. No proof of service has been filed in the state-court record to

confirm that Williams has been served. Notwithstanding, Williams may still join in this Notice of

Removal. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of

process is not an absolute prerequisite to removal."); *Mehrtens v. Am.'s Thrift Stores, Inc.*, No.

1:10cv534-HSO-JMR, 2011 U.S. Dist. LEXIS 57990, at *4-5 n.1 (S.D. Miss. May 26, 2011)

("[E]ven if not properly served with process, though it is 'a little out of the ordinary,' a defendant

has a right to file a notice of removal pursuant to 28 U.S.C. § 1446(a) and (b) before it is served

with process."). In any event, removal is timely because this Notice is being filed within thirty (30)

days of the filing of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b).

## III. Complete Diversity of Parties

3.          Upon information and belief, Plaintiff is an adult resident citizen of Mississippi.

WilMar is an Alabama limited liability company, and its sole member is Brooks Donald, an adult

resident citizen of Alabama. Williams is an adult resident citizen of Alabama. Therefore, in

accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

## IV. Amount in Controversy Exceeds $75,000

4.          In the Fifth Circuit, "the district court must first examine the complaint to determine

whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *St. Paul*

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R&H Oil &*

*Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not apparent from the complaint, "the court

may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* (citing

*Allen*, 63 F.3d at 1336)).

5.         Courts determine whether it is facially apparent that the amount in controversy

exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether

the amount in controversy is likely to exceed $ 75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp.

2d 587, 590 (N.D. Miss. 2003) (citing *Allen*, 63 F.3d at 1336). For this analysis, "the court may

refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought."

*Id.* (citing *Allen*, 63 F.3d at 1335).

6.         Plaintiff alleges in the Complaint that, because of the subject accident, he was

unable to do the things he liked to do, was treated by several medical providers, was diagnosed

with a disc bulge in his back, and received injections for his back pain. Compl. (Ex. A) ¶¶ 35-55.

Plaintiff also seeks damages for pain and suffering; worry, mental anguish, and emotional distress;

physical impairment; injury to reputation, humiliation, and embarrassment; loss of enjoyment of

life; fear of loss, illness, or injury; and "any other theory of damages." *Id.* at 7. These alleged

injuries make it facially apparent from the Complaint that the amount in controversy exceeds

$75,000, exclusive of interest and costs. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

Cir. 1999) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged

property damage, travel expenses, six days in hospital, pain and suffering, humiliation, and

temporary inability to do housework); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829,

832 (N.D. Miss. 2006) ("Mississippi juries routinely award damages for pain and suffering and/or

mental or emotional damages in excess of $75,000.").

7.         Moreover, Plaintiff seeks to recover an unspecified amount of punitive damages,

pre-judgment and post-judgment interest, fees, and costs. Compl. (Ex. A) at 7. This provides

further support for the amount in controversy exceeding $75,000. *See Haney v. Cont'l Cas. Co.*, No. 3:08CV482 DPJ-JCS, 2008 U.S. Dist. LEXIS 102104, at *4 (S.D. Miss. Dec. 2, 2008) ("[F]ederal courts in Mississippi have held that claims for an unspecified amount of punitive damages exceed the jurisdictional amount." (citations omitted)); *Montgomery v. First Family Fin. Servs.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion . . . that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $ 75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages (and accompanying attorney's fees and prejudgment interest) . . . ."); *Myers v. Guardian Life Ins. Co. of Am.*, 5 F. Supp. 2d 423, 428 (N.D. Miss. 1998) (concluding that plaintiff's punitive-damages claim alone made it facially apparent that the amount in controversy exceeded the jurisdictional amount).

8.    Plaintiff's alleged injuries and compensatory damages sought, in conjunction with his claims for punitive damages, pre-judgment and post-judgment interest, fees, and costs, make it facially apparent from the Complaint that the amount in controversy crosses the jurisdictional threshold. *See Mehrtens*, 2011 U.S. Dist. LEXIS 57990, at *6-8 (amount in controversy facially apparent from complaint where plaintiff alleged that she suffered disc bulge in lower back, physical pain, mental and emotional suffering and anxiety, loss of income, medical expenses, fright and shock, loss of enjoyment of life, and punitive damages).

9.    Even if, however, the Court finds that the amount in controversy is not facially apparent from Plaintiff's Complaint, other evidence conclusively demonstrates that Plaintiff seeks more than the jurisdictional minimum. Prior to filing the instant lawsuit, Plaintiff filed another lawsuit *in this very Court against the same parties (WilMar and Williams) arising from the same motor-vehicle accident (the accident on February 23, 2019, in Jackson County, Mississippi).*

Plaintiff's complaint from the prior lawsuit is attached hereto as **Exhibit B**. The prior lawsuit is still pending in this Court. Notably, Plaintiff alleges in the prior complaint, which again *was originally filed in this Court*, that "[j]urisdiction is based on Diversity of Citizenship [sic] per 28 U.S.C. §1332 in that the lawsuit involves citizens of different States [sic] and *the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests [sic] and costs*." Ex. B, ¶ 4 (emphasis added). In other words, Plaintiff has conceded that the amount in controversy in connection with his claims against Defendants arising from the subject accident exceeds $75,000. Therefore, this Court has original jurisdiction in accordance with 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

### V. Venue

10.    Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Jackson County, Mississippi.

### VI. Notice to State Court

11.    Defendants will immediately file a true and correct copy of this Notice of Removal with the Circuit Court of Jackson County, Mississippi, and effect removal to this Court. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

### VII. Notice to Plaintiff

12.    Consistent with 28 U.S.C. § 1446(d) and as stated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## VIII. Conclusion

13.     For the previous reasons, Defendants request that this Court receive and place on

its docket this Notice of Removal and that the Circuit Court of Jackson County, Mississippi, not

proceed any further in this action unless and until it is remanded.

Dated: March 18, 2022.

Respectfully submitted,

**Defendants WilMar Trucking, LLC, (incorrectly sued as WilMar Trucking Company) and Ramon A. Williams**

By:     _/s/ C. Landon Kidd_
        James R. Moore, Jr. (MSB #3445)
        C. Landon Kidd (MSB #104521)
        _Attorneys for Defendants_

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
1076 Highland Colony Parkway
600 Concourse, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: 601-856-7200
Fax: 601-856-7626
jmoore@cctb.com
lkidd@cctb.com

## CERTIFICATE OF SERVICE

I, James R. Moore, Jr. / C. Landon Kidd, certify that I have served a true and correct copy

of the previous document via U.S. mail, electronic mail, and fax to the following:

Jay Foster, Esq.
LAW OFFICES OF JAY FOSTER
1019 Legion Lane
Ocean Springs, Mississippi 39564
Phone: (228) 872-6000
Fax: (228) 875-6687
jay@jayfosterlaw.com
*Attorney for Plaintiff*

Dated: March 18, 2022.

/s/ C. Landon Kidd
James R. Moore, Jr.
C. Landon Kidd