IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

D'ANGELO TOWNSEL                                                            PLAINTIFF

v.                                                                 CAUSE NO. 1:22cv59-LG-RPM

RAMON A. WILLIAMS;
WILMAR TRUCKING
COMPANY; JOHN DOE 1-5;
JOHN DOE COMPANY 1-5                                       DEFENDANTS

**ORDER GRANTING MOTION TO DISMISS AND DENYING
REQUEST FOR ATTORNEYS' FEES AND COSTS**

**BEFORE THE COURT** is the [2] Motion to Dismiss filed by the defendants, Ramon A. Williams and Wilmar Trucking Company.  The parties have fully briefed the Motion.  After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted, but the defendants' request for attorneys' fees and costs should be denied.

## BACKGROUND

D'Angelo Townsel was involved in a motor vehicle accident with a tractor-trailer driven by Ramon Williams on Interstate 10 in Jackson County, Mississippi. On February 17, 2022, Attorney Jay Foster filed this lawsuit on behalf of Townsel against Williams and his employer, Wilmar Trucking Company, in the Circuit Court of Jackson County, Mississippi, and the defendants removed the case to this Court.

In the present Motion to Dismiss, the defendants assert that a separate attorney, Paul Ott, previously filed a lawsuit on behalf of Townsel that concerned

the same motor vehicle accident.  The defendants ask the Court to order Townsel to pay their attorneys' fees and costs associated with filing the Motion to Dismiss and otherwise defending this duplicative action.  That lawsuit was filed on July 23, 2021, and it has been assigned cause number 1:21cv250-HSO-RHWR.  In his response to the Motion, Mr. Foster agrees that the instant lawsuit should be dismissed, but he opposes the request for attorneys' fees and expenses.  He claims that he was unaware of the other lawsuit, but the defendants have produced correspondence in support of their assertion that Mr. Foster either knew or should have known about the first lawsuit before the defendants removed the case to this Court.

## DISCUSSION

The Supreme Court has explained that "[a]s between federal district courts, . . . the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Therefore, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 261 (6th Cir. 2019) (noting that district courts are permitted "to dismiss later-filed cases because of the preclusive effects that the earlier cases would have on the litigation").

The parties to the instant action do not dispute that this lawsuit and the lawsuit filed under cause number 1:21cv250-HSO-RHWR are duplicate actions.

Since the present case was filed second, the Court finds that, in the interest of judicial economy and assuring the finality of judgments, this lawsuit should be dismissed without prejudice. *See Curtis*, 226 F.3d at 138 (explaining that dismissal without prejudice is appropriate for the second-filed duplicate action).

The Court must next address the defendants' request for attorneys' fees and costs. The defendants have not specified the authority pursuant to which they seek these sanctions. 28 U.S.C. § 1927 provides that a district court may shift reasonable fees to "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." This requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). The Court finds that, to the extent that defendants seek attorneys' fees and costs pursuant to Section 1927, the request should be denied because Mr. Foster's filing of a duplicate action apparently resulted from miscommunication and/or oversight. If the defendants wish to seek sanctions pursuant to Rule 11, they must file a separate motion for sanctions and follow the procedure set forth in Fed. R. Civ. P. 11(c)(2). As a result, the defendants have not demonstrated that they are entitled to sanctions at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' [2] Motion to Dismiss is **GRANTED**. This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants' request for attorneys' fees and costs is **DENIED** at this time.

-4-

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE